IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAUREN MONTILLO                 *
                                *
v.                              *
                                *   Civil Action No. WMN-09-2349
AMERICAN INTERNATIONAL          *
SPECIALTY LINES INSURANCE       *
CO. et al.                      *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court's is a motion for summary judgment filed by Defendant American International Specialty Lines Insurance Company (AISLIC). Paper No. 24. The motion is unopposed and the time for opposing the motion has expired.[1] Upon a review of the motion the applicable case law, the Court determines that the motion should be granted.

Plaintiff Lauren Montillo invested money from 1999 until 2002 with Andrew Koppel, a registered representation of EBI Securities Corporation (EBI). Plaintiff came to the belief that Koppel and EBI had negligently wasted or stolen her money and contacted Defendant William Butler, a Maryland attorney and member of Defendant Butler, Melfa & Taylor P.A. (the Law Firm), to represent her in a claim against Koppel and EBI. Plaintiff

---

[1] Plaintiff's counsel apparently made the representation and that representation was reported to the Court that he would be filing a motion to voluntarily dismiss AISLIC from this action. See April 27, 2010 letter from Magistrate Judge Gesner to Counsel. Nevertheless, Plaintiff's counsel never filed that motion.

eventually obtained an arbitration award against Koppel and EBI which was subsequently converted to a court judgment on August 1, 2006.

Defendant American International Specialty Lines Insurance Co. (AISLIC) provided a Securities Broker/Dealer's Professional Liability Insurance Policy for EBI for the period August 12, 2001, to August 12, 2002. At some point in time, Plaintiff submitted a claim to AISLIC based upon the 2006 judgment against Koppel and EBI. AISLIC denied the claim, asserting that it did not receive notice of claim during the term of the policy. Such notice was a condition of the policy.

Plaintiff filed the instant suit in the Circuit Court for Baltimore County asserting that that AISLIC breached its insurance contract with Koppel and EBI.[2] The Complaint also includes a claim against Butler and the Law Firm alleging that, if AISLIC successfully denies coverage based upon a failure of notice, then Butler and the Law Firm are liable to Plaintiff for negligence in failing to timely provide that notice.

Defendant AISLIC removed the action to this Court on the basis of diversity jurisdiction. AISLIC is an Illinois corporation with its principal place of business in New York and Plaintiff is a citizen of Maryland. While Butler and the Law

---

[2] Koppel has assigned all his rights under any insurance policy with AISLIC to Plaintiff.

2

Firm are also Maryland citizens whose presence in the litigation would destroy complete diversity if considered, AISLIC argues that those parties were fraudulently joined. After the completion of discovery, AISLIC filed the instant motion for summary judgment.

The policy in question, Policy # 279-28-86, is a "claims made and reported policy." The policy provided, "[t]his policy shall pay on behalf of the Broker/Dealer Loss arising from a Claim first made against the Broker/Dealer during the Policy Period or the Discovery Period (if applicable) and reported in writing to the Insurer pursuant to the terms of this policy." Def.'s Ex. 1, Clause 1. The policy required that a claim be reported to the insurer "in writing" and "anytime during the policy period." Id., Clause 2. The policy did allow a grace period for claims arising toward the end of the policy period under which claims could be submitted within 30 days of the date the claim was first reported. Thus, for a claim to be payable under the policy at issue here, AISLIC must have received notice of the claim no later than September 11, 2002.

In moving for summary judgment, AISLIC has submitted an affidavit stating that Plaintiff's claim was never reported to it prior to September 11, 2002. Affidavit of Martha Keane. Furthermore, AISLIC represents that no document or other piece of admissible evidence was produced during discovery to support

3

the contention that Plaintiff's claim was presented in a timely manner.  The lack of opposition to AISLIC's motion would confirm the fact that Plaintiff has no evidence to support its claim.  Accordingly, the entry of summary judgment in favor of AISLIC on the breach of insurance contract claim is appropriate.  See Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 246-47 (4th Cir. 2005) ("Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact.").

The parties apparently agree that, should AISLIC be dismissed from this action, a remand to the state court would be appropriate.  See Magistrate Judge Gesner's April 27, 2010 letter.  Accordingly, the Court will remand this action to the Circuit Court for Baltimore County.  A separate order will issue.

                                _____/s/_____
                                William M. Nickerson
                                Senior United States District Judge

DATED: June 23, 2010